UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2009

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 08-50295 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00677-WQH-1 Southern District of California, San Diego |
| v. | |
| YOLANDA GUTIERREZ-CASTRO, | MANDATE |
| Defendant - Appellant. | |



FILED
AUG 04 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                     DEPUTY

The judgment of this Court, entered 7/13/09, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

/s/
By: Lee-Ann Collins
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>    v.<br><br>YOLANDA GUTIERREZ-CASTRO,<br><br>  Defendant - Appellant. | No. 08-50295<br><br>D.C. No. 3:07-cr-00677-WQH-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted June 4, 2009
Las Vegas, Nevada

Before: RAWLINSON and BYBEE, Circuit Judges, and BEISTLINE,[**] District Judge.

The relevant facts are known to the parties and we do not repeat them here, except as necessary to explain our decision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

[**] The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

The district court did not err by admitting evidence of Gutierrez-Castro's prior border crossings and corresponding cell phone calls to an unindicted co-conspirator because this evidence supported the overt acts of the charged conspiracy. Because the calls and border crossings were inextricably intertwined with the conspiracy charge, the evidence is not subject to Federal Rule of Evidence 404(b). *See United States v. Vega*, 188 F.3d 1150, 1154 n.3 (9th Cir. 1999). Likewise, the district court was correct in ruling that border crossing records are admissible as public records. *See United States v. Orozco*, 590 F.2d 789, 793 (9th Cir. 1979).

Gutierrez-Castro's receipt for a cell phone purchase was admissible as an adoptive admission. A document can be admitted for the truth of its contents when surrounding circumstances tie the possessor and the document together in some meaningful way. *See United States v. Ospina*, 739 F.2d 448, 451 (9th Cir. 1984). The receipt described Gutierrez-Castro's cell phone—from which she made and received numerous calls—in all respects: model number, identification number, and phone number.

Additionally, allowing DEA Agent Jeffrey Butler to testify about drug trafficking practices as an expert was not an abuse of the district court's "broad discretion" in discharging its gatekeeping function by assessing the relevance and

2

reliability of expert testimony. *See United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). Though Butler had spent only several years as an agent with the DEA, he testified on a narrow issue with which he had personal experience. Additionally, the modus operandi testimony he offered was not improper drug courier profile evidence. We have consistently "allowed government agents or similar persons to testify as to the general practices of criminals to establish the defendants' modus operandi." *United States v. Vallejo*, 237 F.3d 1008, 1016 (9th Cir. 2001) (internal alterations and quotation marks omitted). Agent Butler's testimony, which explained how drug traffickers sometimes drive cars in tandem, and cooperate to evade law enforcement, was permissible modus operandi evidence and did not constitute improper drug courier profile evidence.

Gutierrez-Castro's arguments concerning her sentence are similarly unavailing. First, she contends that 21 U.S.C. § 841's ten-year mandatory minimum sentence is unconstitutional because it violates the parsimony principle the Supreme Court articulated in *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007). However, *Kimbrough* itself discusses the existence of statutory minimum and maximum sentences, yet says nothing to suggest that they are invalid under its holding. *See id.* at 572. Additionally, we have held explicitly that *Booker* does not affect the imposition of statutory minimum sentences, *United States v. Hernandez-*

3

*Castro*, 473 F.3d 1004, 1005–07 (9th Cir. 2007), and that mandatory minimum sentences do not "violate[] the Fifth Amendment's guarantee of due process by removing discretion from the judiciary and placing it in the hands of the prosecutor." *United States v. Hungerford*, 465 F.3d 1113, 1118 (9th Cir. 2006).

The district court did not err by applying an obstruction of justice enhancement and declining to apply a minor role reduction when calculating the Guidelines range of Gutierrez-Castro's sentence. U.S.S.G. § 3C1.1 provides for an obstruction of justice enhancement upon a determination that the accused committed perjury at trial. *See United States v. Dunnigan*, 507 U.S. 87, 98 (1993). A denial of guilt under oath that constitutes perjury supports the application of this enhancement. U.S.S.G. § 3C1.1 cmt. 2. The district court found that Gutierrez-Castro lied on the stand about her knowledge of the drugs in the car—an element of both charged crimes—and that she did so wilfully. The record, and the jury verdict, supported this finding. Regarding the minor role reduction, Gutierrez-Castro did not meet her burden to demonstrate the insignificance of her role by a preponderance of the evidence. *See United States v. Ladum*, 141 F.3d 1328, 1348 (9th Cir. 1998). Indeed, Gutierrez-Castro presented no evidence of her role, other than relying on a speculative and vague statement in the Presentence Report indicating that she was probably hired as a courier.

Finally, Gutierrez-Castro's sentence is not substantively unreasonable. The district court sentenced Gutierrez-Castro to forty months below her calculated Guidelines range. Additionally, contrary to Gutierrez-Castro's arguments, the sentencing transcript indicates that the district court carefully and thoroughly considered each of the § 3553(a) factors.

**AFFIRMED.**